[Civ. No. 3752. Third Appellate District.—April 12, 1929.]

CHARLES E. KENDALL et al., Trustees, etc., Appellants, v. SAN PEDRO LUMBER COMPANY (a Corporation), Respondent.

A. P. Michael Narlian, Joseph N. Beardsley, and A. E. Moore for Appellants.

Ernest B. Coil for Respondent.

PLUMMER, J.—The appellants instituted this action to obtain a declaratory judgment relative to the validity of a claim in the sum of $45,129.35, owned and possessed by the defendant against the Terminal Ways and Machinery Company, the assignor of the plaintiffs. The defendant had judgment, and from this judgment the plaintiffs appeal.

The record shows that the Terminal Ways and Machinery Company, a corporation organized and existing under the laws of the state of California, had become heavily involved financially and unable to meet its obligations, and on or about the tenth day of July, 1924, executed an assignment and declaration of trust in favor of the plaintiffs, wherein and whereby the plaintiffs were authorized to take charge of all the assets and property then and theretofore belonging to the Terminal Ways and Machinery Company,

collect all moneys due the company, reduce the assets to cash, and discharge all the expenses of executing the trust, pay all preferred claims, and then distribute the residue, *pro rata,* among the unpreferred creditors of said company. The declaration of trust and assignment sets out in schedule "D," as a part of said assignment, a list of the creditors of the said Terminal Ways and Machinery Company, and the amount due each creditor, the language of the instruments to which we have referred being as follows: "And it is further agreed by and between the trustor and each of said beneficiaries, respectively, that the sum specified in said Schedule 'D' as due any beneficiary from the trustor represents the total indebtedness of the trustor to such beneficiary, as of the date of this instrument." In schedule "D," to which we have referred, it is set forth that the amount due one A. M. Goodhue is the sum of $45,129.35. This is the amount claimed by the respondent in this action as the assignee of A. M. Goodhue. The declaration of trust in relation to this item, among other things, contains the following language: "Provided, further, that the San Pedro Lumber Company, a corporation, hereby waives and releases all claims or obligations which it may have or hereafter acquire against the stockholders of said Terminal Ways and Machinery Company, by reason of an assignment of a certain purported claim of one A. M. Goodhue, or otherwise, and it is hereby expressly agreed that it will not seek to recover or hold said stockholders on a stockholder's liability, or otherwise, by reason of said claim of A. M. Goodhue, or any other claims which it may now have against said corporation." The declaration of trust further provides "that the trustee may pass upon all claims of all beneficiaries subscribing hereto, and may disallow any claim, in whole or in part. Such disallowance shall be without prejudice to the right of claimant to a judicial determination of the validity of such claim," etc. The answer to the appellants' complaint sets out at length the declaration of trust and the assignment made by the Terminal Ways and Machinery Company, containing the statement which we have quoted as to the amount due the respective creditors listed in schedule "D," and the amount due each creditor, and also the assignment to which we have just made reference. Upon the trial of the action the plaintiffs introduced no testimony

whatever. The defendant introduced the declaration of trust and the assignment, and then rested its case. The court found that the declaration of trust and assignment had been fully executed by the trustees, save and except as to the distribution of the assets; that schedule "D" has been in no way changed or modified since the execution and delivery of the declaration of trust and assignment; that the amount shown in schedule "D" opposite the names of the respective creditors as shown by the books of the trustor, exhibited the amounts due the respective claimants. The court also further found that the San Pedro Lumber Company, as the assignee of A. M. Goodhue, was entitled to the amount of its *pro rata* of the assets based upon a claim in the sum of $45,129.35. The court also further found that the assignment, declaration of trust and schedule "D" constituted a stated account of the amount due the respective creditors.

Upon this appeal it is strenuously argued that the instruments to which we have referred do not constitute a stated account, and therefore the judgment of the trial court should be reversed. For the purposes of this opinion it may be conceded that the appellants' contention is well taken that the court was in error in finding that the instruments to which we have referred, constituted a stated account, but it does not follow that the judgment should be reversed. The instruments to which we have referred and from which we have taken excerpts, constituted admissions of the Terminal Ways and Machinery Company, of the indebtedness due its respective creditors named in said instruments and as to the respondent, of the assignment to it of the amount due A. M. Goodhue. This constitutes sufficient proof to establish a *prima facie* case. The admission of the debtor is *prima facie* binding upon the plaintiffs in this case, who, as to such admission, stand in the shoes of their assignor. If they had any proofs that the admission was incorrect, that there was any attempt to give a preference to the respondent in this case, that the records did not show the truth by reason of some collusion or other wrongful act, it was their duty to introduce evidence thereof. The appellants in this case introduced no testimony whatever relative to the correctness of the respondent's claim. As we read the record, both parties submitted the cause upon the declaration of

trust and assignment, including schedule "D." This was sufficient proof, as we have said, to make a case in favor of the respondent, and there being no contradictory testimony, the judgment in favor of the respondent that the records show a correct statement of the amount due the respondent, must be upheld, even though it is granted that the court was in error in denominating schedule "D" a stated account.

The judgment of the trial court is affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.